UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROSEMARY CHINYE OKOLIE TORIOLA,

     Plaintiff, *pro se*,

 -against-

North Shore LIJ, GERALYN RANDAZZO,
TED LEIHMAN, KHYZAR CHAUDHRY,
Self Help Services, BRC-Hope Health Home,
CYRIL CHIE OKOLIE and JOHN DOE/JANE
DOE,

     Defendants.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
09-CV-3251 (DLI)(LB)

**DORA L. IRIZARRY**, United States District Judge:

 Plaintiff Rosemary Chinye Okolie Toriola ("Plaintiff") brings this *pro se* action, along with an order to show cause[1] seeking to "vacate the order of the Honorable Charles Thomas" ... "or in the alternative, to order Lower court to recognize the letter of interest by the Consulate General of Nigeria." The court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order. The complaint is dismissed and the order to show cause is denied as set forth below.

## Background

 The complaint consists of two pages and several exhibits. Plaintiff alleges that on July 27, 2009, Mr. Okon from Self Help Services appeared at her home with a court order to see her 87-year old mother, Theresa Ogoli Okolie ("Ms. Okolie"). (Compl., Ex. B, "Explanation (What Happened)"). Plaintiff further alleges that defendant Cyril Okolie placed Ms. Okolie in a wheelchair and removed her from plaintiff's home while "the police and ambulance people just stood around and watched." *Id.* Plaintiff alleges that she is the guardian of her mother and has power of attorney

---

[1] The proposed order to show cause lacks a supporting affidavit or any pertinent statements or information relevant to a request for immediate preliminary relief.

over her affairs. Plaintiff further alleges that she has been banned from seeing her mother and that she does not know where her mother was taken after she was transported to North Shore Long Island Jewish Hospital by ambulance. The exhibits do not reveal much more except to indicate that there is significant familial strife and that proceedings have taken place in state court. Specifically, plaintiff seeks to vacate an order of the Honorable Charles Thomas pursuant to several federal procedural rules. Plaintiff does not provide any further information concerning the state court action.

## Discussion

A.  Standard of Review

In reviewing the complaint, the court is mindful that plaintiff is proceeding *pro se* and that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). However, pursuant to the *in forma pauperis* statute, the court must dismiss a complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A claim is "frivolous" if its "factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy;" or if it is "based on an indisputably meritless legal theory"—that is, when it "lacks an arguable basis in law . . . , or [when] a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

A plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject-matter jurisdiction over the action. *Rene v. Citibank NA*, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999). Finally, a party seeking a temporary restraining order must establish irreparable harm and either (a) likelihood of success on the merits or (b) sufficiently serious questions going to the merits and a balance of hardships tipping decidely toward the party requesting the preliminary relief. *See*

*1-800 Contacts, Inc. v. WhenU.Com, Inc.*, 414 F.3d 400, 406 (2d Cir. 2005) (citations omitted).

B.   *Younger* Abstention

Plaintiff invokes the court's federal question jurisdiction by alluding to federal constitutional violations.[2] (*See* Proposed Order to Show Cause at p. 2.) As plaintiff seeks to vacate an order issued by the Honorable Charles Thomas, a judge of the New York State Supreme Court, Queens County, this court assumes that a state court proceeding is pending concerning the guardianship of plaintiff's mother. Under the *Younger* abstention doctrine, federal courts generally must abstain from adjudicating federal claims that "involve or call into question ongoing state proceedings." *Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002) (citing *Younger v. Harris*, 401 U.S. 37, 43-44 (1971)).

The Second Circuit has held that *Younger* abstention is appropriate when: "(1) there is an ongoing state proceeding; (2) an important state interest is implicated in that proceeding; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims." *Diamond "D" Const. Corp*, 282 F.3d at 198. Here, plaintiff admits that "Judge Charles Thomas gave the hospital temporary guardianship over my mother for medical and mental evaluation." (Compl., Ex. C, "Toriola's Undated Letter to Consulate General.") As plaintiff seeks to have this court intervene in a pending state court proceeding in an effort to challenge the guardianship of her mother, this court must abstain. In any event, this court would not be able to vacate a decision entered by a judge of another court or otherwise intervene in any

---

[2] It is unclear whether plaintiff is asserting her own claims or seeks to file on behalf of her mother. Plaintiff may litigate her own claims, but to the extent plaintiff seeks to bring claims on behalf of her mother, she is barred from doing so as she has not alleged that she is an attorney licensed to practice law. Pursuant to 28 U.S.C. § 1654, "parties may plead and conduct their own cases personally or by counsel." Therefore, a non-attorney cannot represent or appear on behalf of another person in federal court. *See Berrios v. New York City Hous. Auth.*, 564 F.3d 130, 132-33 (2d Cir. 2009) (citing *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998)).

3

state court proceedings as this court does not have appellate review over the state courts.

C. No Jurisdiction Over Guardianship Proceedings

Even if there were no ongoing state court proceedings preventing this court from adjudicating this action and remedy being sought were appropriate, the court would lack subject-matter jurisdiction over this complaint. "[S]ubject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived," *United States v. Cotton*, 535 U.S. 625, 630 (2002), and federal courts have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *see also Wynn v. AC Rochester*, 273 F.3d 153, 157 (2d Cir. 2001); Fed. R. Civ. P. 12(h)(3). Despite plaintiff's conclusory references to the federal constitution, the complaint concerns a matter of state law. To the extent this action is related to Ms. Okolie's guardianship proceedings, this court does not have jurisdiction over this action. *See, e.g., Verdejo v. North Shore Associates*, No. 08-CV-1950, 2009 WL 1137748, at *1 (E.D.N.Y. Apr. 27, 2009) ("[T]his Court has no power to reverse [the state court's] guardianship order. If plaintiff is correct that the guardian was improperly appointed under state law, his remedy is [in the state court's appellate procedures]."); *Abreu v. State of New York*, No. 02-CV-1618, slip op. at 3 (E.D.N.Y. 2002) ("[A]ppointment of a guardian and the enforcement of the provisions of the guardianship order are state court matters."); *see also United States v. Sanders*, 314 F.3d 236, 240 (6th Cir. 2002) ("Guardianships, and the duties and powers of guardians, are traditionally matters of state law."). Plaintiff is advised to pursue her remedies in state court, including any appellate review that may be available to her, or by filing an application for a writ of habeas corpus on behalf of her mother in the appropriate state court.

## Conclusion

Accordingly, the complaint, filed *in forma pauperis*, is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim or in the alternative for lack of subject-matter jurisdiction, Fed. R. Civ. P. 12(h)(3). The order to show cause for a temporary restraining order is denied. The state law claims are dismissed without prejudice. The Clerk of Court is directed to close this case. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
July 29, 2009

S/DLI

_____
DORA L. IRIZARRY
United States District Judge